**Danny Lynn FARRIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–221.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1983.

J. Malone Brewer, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Hugh Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Danny Lynn Farris, was convicted in Oklahoma County District Court, Case No. 80–2248, of Manslaughter in the First Degree and was sentenced to thirty-five (35) years imprisonment. On ap-

peal the appellant assigns six points of error.

Briefly stated the facts of the case are that Reginald Zabawa was shot and killed in the early morning of June 3, 1980, shortly after returning to the appellant's home from a party. Danny Farris, his girlfriend and Zabawa had left the party because of Zabawa's aggressive and argumentative behavior. On the way home from the party the two men began to argue and even fought physically with one another. Upon their arrival at the appellant's home Zabawa appeared calm but soon became enraged and the two men fought once more. The appellant retrieved a .20 gauge pump shot gun from his bedroom and ejected several rounds of ammunition from the gun. Farris testified that he had gotten the gun to try to calm his friend down and force him to leave. The argument continued however, and the appellant both struck Zabawa with the butt of the gun and then fired at him, mortally wounding him in the chest. The appellant's defense was that of accidental shooting.

On appeal the appellant urges that the admittance of Sergeant Bevels testimony pertaining to the interpretation of the blood stains at the scene of the shooting is reversible error because the method is not a recognized forensic science. This is a question of first impression for this Court.

The geometric Blood Stain Interpretation is a method used to reconstruct the scene of the crime. Blood stains are uniform in character and conform to the laws of inertia, contrifugal force and physics. Study of the blood pattern along with its size and shape helps determine the source of the blood and any movement that might have occurred after the bloodshed began, including subsequent violent attacks upon the victim.

The prosecution introduced the blood stain evidence to support its contention that the shooting of Reginald Zabawa was not an accident but intentional. The blood stain configurations and splatterings on the walls and ceiling indicated that following the shooting the victim was struck several times and that he tried futilely to defend himself.

In *Kennedy v. State*, 640 P.2d 971, at 977 (Okl.Cr.1982) we adopted the California test to determine the admissibility of expert testimony based upon application of a new scientific technique:

(1) The *reliability of the method* must be established, usually by expert testimony, and (2) the witness furnishing such testimony must be properly *qualified as an expert to give an opinion* on the subject. Additionally, the California court wrote that the proponent of the evidence must demonstrate that correct scientific procedures were used.

The appellant challenges the reliability of the technique and its acceptance in the scientific community. At the in camera hearing the trial court found that the geometric blood stain interpretation is a forensic science which is recognized by the Federal Bureau of Investigation, New Scotland Yard and the Oklahoma Bureau of Investigation. The manual on the subject, published by the Department of Justice, is entitled FLIGHT CHARACTERISTICS AND STAIN PATTERNS OF HUMAN BLOOD. The trial court also found that the Supreme Courts of both California and Alaska had ruled favorably for the admission of the blood stain method. *Pedersen v. State*, 420 P.2d 327 (Alaska 1966); *People v. Carter*, 48 Cal.2d 737, 312 P.2d 665 (1957).

The appellant also challenges the qualifications of the State's expert witness, Sergeant Tom Bevel. This Court has defined an "expert witness" as one who possesses scientific knowledge and experience in relation to matters which are not generally known. *Harvell v. State*, 395 P.2d 331 (Okl. Cr.1964). Sergeant Bevel testified that he is the supervisor of the technical investigation unit at Oklahoma City Police Department. He has been certified by the FBI and New Scotland Yard for identification work and has two certificates for Geometric Blood Stain Interpretation from the Florida Medical Examiner's office and Elmira College, New York. He has taught five (5)

courses on the subject and given lectures in several states and is a member of the American and British Academy of Forensic Science. The decision of whether the witness is an "expert" or not is within the sound discretion of the trial court. *Riggle v. State,* 585 P.2d 1382 (Okl.Cr.1978). We find no abuse of that discretion in the instant case.

After the trial court ruled that the Geometric Blood Stain Interpretation was admissible, the jury was instructed that they were the judges of fact and could either accept or reject the interpretation. We hold that the trial court properly admitted opinion testimony of the expert witness on Geometric Blood Stain Interpretation.

■ The appellant's second allegation of error pertains to the admittance into evidence of the prior offense of smoking marijuana, which was allegedly outside the res gestae of the crime charged. This issue was not properly preserved for review on appeal as it was not included in his motion for new trial nor in his petition in error. *Hawkins v. State,* 569 P.2d 490 (Okl.Cr. 1977). Moreover, even if the alleged error had been properly preserved it would have constituted at most harmless error in light of the overwhelming evidence of the appellant's guilt. *Chapman v. State,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ The appellant's next assignment of error is that the trial court erred in failing to give instructions on Manslaughter in the Second Degree. It must be pointed out that although the appellant did tell the trial court that he would request an instruction on second degree manslaughter he did not do so, nor did he raise it as an error in his motion for new trial or his petition in error. There is no evidence to warrant lesser degree manslaughter because the appellant intentionally retrieved the shotgun and continued the argument. We have consistently held that an instruction should not be given when the evidence is not presented at trial. *Dilworth v. State,* 611 P.2d 256 (Okl.Cr.1980). The assignment of error is without merit.

■ The appellant submits that the trial court should have suppressed his extrajudicial statements about the shooting because he didn't understand that he had a right to have his attorney present at the time he was questioned by police officers. The appellant's contention is that because he cannot read or write he could not have understood his *Miranda* rights and his statement was therefore, involuntary. We do not agree.

The court held an in camera hearing as required in *Tice v. State,* 478 P.2d 916 (Okl. Cr.1971), from which it was established that the appellant had been arrested on five (5) prior occasions for other charges and that each time his *Miranda* rights had been read to him. The record before us reveals that the appellant agreed to answer the police officers questions and voluntarily gave more information after the initial statement. We therefore find no merit in the assignment of error.

■ As his fifth assignment of error the appellant alleges that the trial court erred in denying his demurrer to the evidence. We find this allegation wholly without merit. We have repeatedly held:

> Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Kelly v. State,* 415 P.2d 187 (Okl.Cr.1966).

In his final assignment of error the appellant contends that the accumulation of the foregoing assignments of error require that the case be reversed. We have found the above assignments of error meritless and therefore, find this final proposition equally without merit. *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975).

The judgment and sentence are AFFIRMED.

CORNISH and BRETT, JJ., concur.